

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HORNBECK OFFSHORE SERVICES, L.L.C., | * | CIVIL ACTION NO. 10-1663(F)(2) |
| Plaintiff | * | |
| VERSUS | * | SECTION F |
| | * | |
| KENNETH LEE "KEN" SALAZAR, IN HIS OFFICIAL CAPACITY AS SECRETARY, UNITED STATES DEPARTMENT OF THE INTERIOR; UNITED STATES DEPARTMENT OF THE INTERIOR; ROBERT "BOB" ABBEY, IN HIS OFFICIAL CAPACITY AS ACTING DIRECTOR, MINERALS MANAGEMENT SERVICE; AND MINERALS MANAGEMENT SERVICE, | * * * * | JUDGE FELDMAN  MAGISTRATE 2 MAGISTRATE WILKINSON |
| Defendants | * | |

\* \* \* \* \* \* \* \*

## MOTION FOR PRELIMINARY INJUNCTION

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff Hornbeck Offshore Services, L.L.C. ("Hornbeck"), which pursuant to Rule 65 of the Federal Rules of Civil Procedure, respectfully moves this Court for entry of a preliminary injunction against Defendants, Kenneth Lee "Ken" Salazar ("Secretary Salazar"), Secretary of United States

{N2161478.2}  1

Department of the Interior ("DOI"), the DOI, Robert "Bob" Abbey, Acting Director of the Minerals Management Service ("MMS"), and the MMS (collectively, "Defendants"), in the form of the Order attached hereto as Exhibit "A". As will be explained more fully in the accompanying memorandum in support, preliminary injunctive relief is necessary for the following reasons:

Hornbeck has filed a Supplemental and Amended Complaint for Declaratory and Injunctive Relief ("Complaint") against Defendants alleging violations of the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. §§ 1331 *et seq.*, and its implementing regulations. The violations alleged in the Complaint arise from the Moratorium[1] and NTL[2] currently imposed by Defendants prohibiting any drilling activity in the Outer Continental Shelf ("OCS") in water depths greater than 500 feet. Both the Moratorium and NTL are arbitrary, capricious, an abuse of discretion and otherwise not in accordance with the Administrative Procedure Act, 5 U.S.C. §§ 701-706, and OCSLA because they exceed Defendants' authority. This motion seeks preliminary injunctive relief in connection with the Complaint.

Hornbeck is substantially likely to prevail on the merits of the claims set forth in the Complaint because the Moratorium and NTL exceed Defendants' authority under OCSLA and its implementing regulations. Hornbeck will suffer irreparable injury if a preliminary injunction is not granted because the harm that the Moratorium and NTL will inflict on Hornbeck – and the

---

[1] On May 28, 2010, Secretary Salazar issued a memorandum entitled "Suspension of Outer Continental Shelf ("OCS") Drilling of New Deepwater Wells" to the MMS (the "Moratorium"). It imposed a "six month suspension of all pending, current, or approved offshore drilling operations of new deepwater wells in the Gulf of Mexico and the Pacific Regions."

[2] Effective May 30, 2010, in a document entitled NTL No. 2010-N04 "Notice to Lessees and Operators of Federal Oil and Gas Leases in the Outer Continental Shelf Regions of the Gulf Of Mexico and the Pacific to Implement the Directive to Impose a Moratorium on All Drilling of Deepwater Wells" (the "NTL"), the MMS implemented Secretary Salazar's Moratorium. The NTL prohibits any new drilling activity in water depths greater than 500 feet and requires a halt to the drilling taking place at 33 currently permitted wells being drilled at depths beyond 500 feet.

OCS industry as a whole – is not subject to calculation. The irreparable injury that Hornbeck will suffer absent preliminary injunctive relief outweighs any harm Defendants may suffer if a preliminary injunction is granted. Granting a preliminary injunction against the Moratorium and NTL is in the public interest because, if an injunction is not granted, the potential harm to businesses, workers, and the economy of Louisiana includes, but is not limited to, the loss of 3,000 to 6,000 Louisiana jobs in the next 2 to 3 weeks, potentially over 10,000 Louisiana jobs within a few months, more than 20,000 existing and potential new Louisiana jobs in the next 12 to 18 months, and lost wages could be over $165 to $330 million per month for every month the moratorium is in place.

WHEREFORE, Hornbeck respectfully requests that this Court enter a preliminary injunction enjoining the Moratorium and NTL as applied to all drilling in water at depths of greater than 500 feet.

Respectfully submitted,

_____
Carl D. Rosenblum, T.A. (2083)
Grady S. Hurley (13913)
Alida C. Hainkel (24114)
Marjorie A. McKeithen (21767)
Jones, Walker, Waechter,
   Poitevent, Carrère & Denègre, L.L.P.
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8000
crosenblum@joneswalker.com

AND

John F. Cooney
(Pro Hac Vice application being made)
Venable LLP
575 7th Street N.W.
Washington, D.C. 20004
Telephone: (202) 344-4812

**Attorneys for Plaintiff,
Hornbeck Offshore Services, L.L.C.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all parties by hand, email, or overnight mail this ___ day of June 2010.

_____