**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| HORNBECK OFFSHORE SERVICES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | No. 10-1663(F)(2) |
| KENNETH LEE "KEN" SALAZAR, | ) | |
| | ) | |
| ROBERT "BOB" ABBEY, in his official | ) | JUDGE FELDMAN |
| capacity as Acting Director, Mineral | ) | |
| Management Service; and MINERALS | ) | MAGISTRATE 2 |
| MANAGEMENT SERVICE, | ) | MAGISTRATE WILKINSON |
| | ) | |
| Defendants. | ) | |
| | ) | |

**COMPLAINT IN INTERVENTION**

Intervenor-Defendants Defenders of Wildlife, Sierra Club, Florida Wildlife Federation, Center for Biological Diversity, and Natural Resources Defense Council ("Intervenor-Defendants"), aver and allege as follows:

1.      Intervenor-Defendants bring the following Complaint In Intervention in accordance with 28 U.S.C. § 2201 and Rules 242(a)(2), 24(b)(2), 57 and 65 of the Federal Rules of Civil Procedure.

2.      Intervenor-Defendants seek to intervene in this action in order to protect their and their members' aesthetic, recreational, and economic interests in the lands and waters in and

1

around the Gulf of Mexico – interests that would be at risk if the six-month moratorium on deepwater drilling that is the subject of Plaintiff's complaint is enjoined by this Court.

*The Parties*

3.      Intervenor-Defendant Defenders of Wildlife ("Defenders") is a national nonprofit organization dedicated to the protection and restoration of all native wild animals and plants in their natural communities.  Based in Washington, D.C., and with offices spanning from Florida to Alaska, Defenders has over 415,000 members across the nation, including over 34,000 members from the states of Louisiana, Mississippi, Alabama, and Florida.  Defenders is a leader in the conservation community's efforts to protect and recover threatened and endangered species, including sea turtles, whales, birds, and manatees impacted by the Deepwater Horizon spill and other Gulf of Mexico OCS activities.

4.      Intervenor-Defendant Natural Resources Defense Council ("NRDC") is a national not-for-profit membership organization committed to the preservation, protection, and defense of the environment, public health, and natural resources.  For forty years, NRDC has engaged in scientific analysis, public education, advocacy, and litigation on a wide range of environmental and health issues.  NRDC has long been active in efforts to protect marine and coastal environments from pollution.  In particular, NRDC has worked for over 35 years to protect sensitive coastal and marine areas from the harmful effects of offshore drilling, including the impacts of oil spills.  NRDC maintains offices in New York City; Washington, D.C.; Chicago; San Francisco and Santa Monica, California; and Beijing, China.  NRDC has more than 1.2 million members and e-activists nationwide.  NRDC has 42,489 members in the states of Louisiana, Texas, Mississippi, Alabama, and Florida.

5. Intervenor-Defendant Center for Biological Diversity ("the Center") is a nonprofit corporation that works through science, law, and policy to secure a future for all species, great or small, hovering on the brink of extinction. The Center is dedicated to the preservation, protection, and restoration of biodiversity and ecosystems throughout the world. Center members, staff, and board members include people with aesthetic, professional, recreational, spiritual, educational, scientific, moral, and conservation interests in the species and habitats of the Gulf of Mexico that will be harmed if the relief sought by the Plaintiffs is granted. The Center has over 42,000 members, including those who have viewed, photographed, and otherwise appreciated the species, habitats and ecosystems of the Gulf of Mexico, and who intend to visit and enjoy these species, habitats and ecosystems in the future. The Center's members and staff use the Gulf of Mexico for wildlife observation, research, nature photography, aesthetic enjoyment, recreational, educational, and other activities. The Center, its members, staff, and board have worked and plan to continue to work to protect and preserve the Gulf of Mexico ecosystem, and others at risk from offshore oil development, to ensure the survival and recovery of imperiled species such as sea turtles, whales, and seabirds and their habitats. For many years the Center has also worked to improve the regulatory oversight and environmental compliance of offshore oil and gas activities. Therefore, not only do the Center's members, staff, and/or board have strong aesthetic, recreational, moral and spiritual interests in the species and ecosystems of the Gulf, they also have strong professional, conservation, education, and scientific interests in them as well.

6. Intervenor-Defendant Sierra Club is a non-profit public-benefit corporation with its principal place of business in San Francisco, California. Sierra Club is one of the oldest and largest conservation groups in the country, with over 700,000 members nationally, with sixty-

four chapters in all 50 states, the District of Columbia and Puerto Rico.  Approximately 3000 members of the Sierra Club are residents of Louisiana and 30,000 members are residents of Florida.  Sierra Club brings this action for itself and as a representative of its members in the States of Louisiana and Florida.  The Sierra Club represents the interests of its members in state and federal litigation, public policy advocacy, administrative proceedings, and before state, local, and federal lawmakers.  The Sierra Club is now and has in the past been very involved in advocacy regarding issues related to oil drilling in the Gulf of Mexico and in keeping Gulf of Mexico waters free from pollution.  All of these activities support Sierra Club's mission to explore, enjoy, and protect the wild places of the earth and educate and enlist humanity to protect and restore the quality of the natural and human environment. Members of the Louisiana Chapter of the Sierra Club use and enjoy the waters of the Gulf of Mexico for recreational fishing, for recreational shellfish harvesting, and for traditional purposes such as swimming and wildlife observation, and intend to continue using those waters for those purposes in the future.  Members and staff of the Florida Chapter of the Sierra Club frequently use and enjoy the waters of the Gulf of Mexico and the estuarine and coastal waters that border Florida's Gulf Coast shoreline.  These waters provide an environment for a variety of activities which members of the Sierra Club engage in, including, but not limited to, wading, walking, swimming, canoeing, kayaking, sailing, sport boating, wildlife observation, photography, personal and commercial research, and sport fishing.  These members and staff also frequently use and enjoy Florida's Gulf Coast beaches, which provide an environment for a various activities which members of Sierra Club engage in, including, but not limited to, walking, wildlife observation, photography, and sport fishing.  Members of the Sierra Club intend to continue engaging in all of these activities.

7.      Intervenor-Defendant Florida Wildlife Federation ("the Federation") is a Florida statewide non-profit conservation and education organization which is headquartered in Tallahassee, Florida.  It is a membership-based organization with approximately 13,000 members throughout Florida.  The organization's mission includes the preservation, management, and improvement of Florida's marine water resources and the fish and animals which use those waters for wildlife habitat.  The Federation represents its members in state and federal litigation brought to preserve and protect Florida's water's resources and the animals that use those waters for habitat.  Members of the Federation use and enjoy Gulf Coast waters including open waters, coastal waters, and estuarine waters in the Florida Panhandle region for sport and commercial fishing, boating, wildlife observation, recreational shellfish harvesting, canoeing, and kayaking and intend to continue using those waters for those purposes.

8.       Plaintiff Hornbeck alleges that it owns and operates a fleet of vessels that perform services in connection with offshore oil and gas drilling, exploration and production activities in the Gulf of Mexico's Outer Continental Shelf, and that it has suffered economic injury as a result of the six-month moratorium on deepwater drilling in the Gulf of Mexico announced by the Secretary of the Interior on May 28, 2010.

9.      Defendant Ken Salazar is the Secretary of the United States Department of the Interior.  Defendant Robert Abbey is Acting Director of the United States Minerals Management Service.

10.     Defendant Ken Salazar is the Secretary of the United States Department of the Interior.  Defendant Robert Abbey is Acting Director of the United States Minerals Management Service.

*Jurisdiction and Venue*

11. Jurisdiction and venue are proper in this Court to the extent that they are for Plaintiff's Complaint.

*General Allegations*

12. On April 20, 2010, an offshore oil rig in the outer continental shelf ("OCS") of the Gulf of Mexico exploded and caught fire, causing the deaths of 11 workers and spilling millions of gallons of oil into the water. The oil rig at the site, the Deepwater Horizon, sank shortly thereafter, and the well it was digging continues to spew oil at a tremendous rate. According to current governmental estimates, between 35,000 and 60,000 barrels (or about 1.5 to 2.5 million gallons) of oil per day are being spilled. The oil slick created by this spill is estimated to cover at least 9400 square miles of surface and has reached the shores of Louisiana, Alabama, and Florida. There is even a reasonable possibility that sea currents will carry the spill around the Florida panhandle and up the Atlantic seaboard.

13. In response to this disaster, President Obama ordered Secretary Salazar to commence a 30-day examination of all exploration and production operations on the OCS. At the culmination of this 30-day review, the Secretary issued a report entitled "Increased Safety Measures for Energy Development on the Outer Continental Shelf." Based on the results of this review and further evaluation, Secretary Salazar concluded that the drilling of new deepwater wells in the OCS "poses an unacceptable threat of serious and irreparable harm to wildlife and the marine, coastal, and human environment" and "that the installation of additional safety or environmental protection equipment is necessary to prevent injury or loss of life and damage to property and the environment." Memorandum from Secretary Salazar to Director, MMS Re: Suspension of Outer Continental Shelf (OCS) Drilling of New Deepwater Wells, May 28, 2010 ("Moratorium") at 1. He therefore ordered a "six month suspension of all pending, current, or

approved offshore drilling operations of new deepwater wells in the Gulf of Mexico and the Pacific regions" as well as a suspension of all new applications for permits to drill connected to those drilling operations.  Plaintiff's Complaint challenges the legality of this moratorium under the Outer Continental Shelf Lands Act and the Administrative Procedure Act.

14. Intervenor-Defendants and their members will be seriously affected by the outcome of this litigation.  The relief sought by Plaintiffs will harm the concrete interests Intervenor-Defendants, their members, staffs, and boards have in the fish, wildlife and ecosystems of the Gulf of Mexico.  The six-month moratorium on deepwater drilling in the Outer Continental Shelf was instituted to implement safety measures and conduct further analyses to better protect against the risk of oil spills and other potential harms to workers and the environment from both accidents and routine operations.  Lifting the temporary moratorium will harm Intervenor-Defendants' and their members' interests in the wildlife and their habitat by increasing the risk that deepwater drilling could adversely affect these interests and impair the organizations' interests in ensuring meaningful environmental and safety review of deepwater drilling.  To date, the potential harmful effects of deepwater drilling has not been properly disclosed, analyzed or mitigated.  This has already resulted in uninformed and unwise decision-making.  Such poor decision-making can and does have severe impacts on the fish, wildlife and ecosystems of the Gulf and makes accidents such as the Deepwater Horizon oil spill more likely to occur as a result.

15. The recreational, aesthetic, conservation, educational, and scientific interests of Intervenor-Defendants, their members, and their staff in the fish, wildlife and ecosystems of the Gulf, have been, are being, and, if the relief prayed for by Plaintiffs is granted, will continue to be adversely affected and irreparably injured by the Secretary's actions and inactions related to

the deepwater drilling without full and proper environmental review.  The outcome of this case would significantly impact Applicants' interests in protecting the waters and lands in and around the Gulf of Mexico.

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment)

16. Intervenor-Defendants repeat and incorporate herein by reference the allegations contained in paragraphs 1 through 15, inclusive, of this Proposed Complaint In Intervention.

17. A dispute has arisen between Intervenor-Defendants and Defendants, on the one hand, and Plaintiff, on the other hand, as to the legality of Secretary Salazar's six-month moratorium on deepwater drilling in the Gulf of Mexico.  Intervenor-Defendants assert that the moratorium is legal and valid under the Outer Continental Shelf Lands Act and the Administrative Procedure Act, and Plaintiffs assert that it is not.

18. Intervenor-Defendants have no adequate remedy at law to resolve this disagreement in a way that will protect their interests, as described above, in a timely way.

19. Accordingly, Intervenor-Defendants seek declaratory relief as set forth below.

## RELIEF REQUESTED

WHEREFORE, Defendant-Intervenors respectfully request that this Court order the following relief: preliminarily, and after a full trial on the merits, permanently,

1. Deny Plaintiffs' request for declaratory relief stating that both the Moratorium and Notice to Lessee are invalid and unenforceable;

2. Deny Plaintiffs' request for declaratory relief stating that Defendants have violated and continue to violate OCSLA and its implementing regulations, and, accordingly, that Defendants have violated the APA;

3. Deny Plaintiffs' request to enjoin the Moratorium and NTL as applied to all drilling in water at depths of greater than 500 feet, and;

4. Deny Plaintiffs any further relief with respect to these claims.

Respectfully submitted, this 18th day of June, 2010.

/s/ John Suttles
John Suttles
Louisiana Bar No. 19168
Counsel for Defendant-Intervenor Defenders of Wildlife
SOUTHERN ENVIRONMENTAL LAW CENTER
200 West Franklin Street, Suite 330
Chapel Hill, North Carolina 27516
Telephone:  (919) 967-1450
Facsimile:  (919) 929-9421
jsuttles@selcnc.org

Catherine M. Wannamaker, application for admission forthcoming
Counsel for Defendant-Intervenor Defenders of Wildlife
SOUTHERN ENVIRONMENTAL LAW CENTER
127 Peachtree Street, Suite 605
Atlanta, Georgia 30303
Telephone: (404) 521-9900
Fax: (404)521-9909

| | |
|---|---|
| s/  Alisa A Coe | /s Mitchell Bernard |
| Alisa A. Coe | Mitchell Bernard |
| La. Bar No. 27999 | NY Bar No. 1684307 |
| David G. Guest | Pro Hac Vice application forthcoming |
| Fla. Bar No. 0267228 | Natural Resources Defense Counsel |
| Pro Hac Vice Pending | 40 West 20th Street |
| Monica K. Reimer | New York, NY 10011 |
| Fla. Bar No. 0090069 | Phone: (212)727-4469 |
| Pro Hac Vice Pending | Fax: (212)727-2700 |
| Earthjustice | |
| P.O. Box 1329 | David Pettit |
| Tallahassee, FL 32302-1329 | CA Bar No. 67128 |
| Phone:  (850) 681-0031 | Pro Hac Vice application forthcoming |
| Fax: (850) 681-0031 | 1314 Second Street |

                                  Santa Monica, CA 90401
                                  Phone:  (310) 434-2300
                                  Fax: (310) 434-2399

COUNSEL FOR SIERRA        COUNSEL FOR NATURAL RESOURCES
CLUB and FLORIDA            DEFENSE COUNCIL, INC.
WILDLIFE FEDERATION

/s Miyoko Sakashita
Andrea A. Treece
CA Bar No. 237639
Miyoko Sakashita
CA Bar No. 239639
        Pro Hac Vice applications forthcoming
351 California Street, Suite 600
San Francisco, CA 94104
Phone:  (415) 436-9682

COUNSEL FOR CENTER FOR
BIOLOGICAL DIVERSITY

**CERTIFICATE OF SERVICE**

  I hereby certify that on June 18, 2010, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system, which will send a notice of electronic filing to the following:

| | |
|---|---|
| Carl David Rosenblum | crosenblum@joneswalker.com |
| Alida C. Hainkel | ahainkel@joneswalker.com; rmiller@joneswalker.com |
| Grady S. Hurley | ghurley@joneswalker.com; dward@joneswalker.com |
| Guillermo A. Montero | guillermo.montero@usdoj.gov; efile_nrs.enrd@usdoj.gov; jane.bamford@usdoj.gov |
| Brian M. Collins | brian.m.collins@usdoj.gov; efile_nrs@usdoj.gov |
| Sharon Denise Smith | sharon.d.smith@usdoj.gov; Rosanne.alford@usdoj.gov; jerrilyn.dufauchard@usdoj.gov |

  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

John F. Cooney
Venable, LLP
575 7th St., NW
Washington, DC 20004

Marjoria Ann McKeithen
Jones Walker
Place St. Charles
201 St. Charles Ave., Suite 5100
New Orleans, LA 70170-5100

                 /s/ John Suttles
                John Suttles
                Louisiana Bar No. 19168
                SOUTHERN ENVIRONMENTAL LAW CENTER
                Attorney for Defendant-Intervenor
                Defenders of Wildlife
                200 West Franklin Street, Suite 330
                Chapel Hill, North Carolina 27516
                Telephone:  (919) 967-1450
                Facsimile:  (919) 929-9421
                jsuttles@selcnc.org