UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **HORNBECK OFFSHORE SERVICES, L.L.C.,** | * | CIVIL ACTION NO. 10-1663(F)(2) |
| **Plaintiff** | * | |
| **VERSUS** | * | SECTION F |
| | * | |
| **KENNETH LEE "KEN" SALAZAR, IN HIS OFFICIAL CAPACITY AS SECRETARY, UNITED STATES DEPARTMENT OF INTERIOR; UNITED STATES DEPARTMENT OF INTERIOR; ROBERT "BOB" ABBEY, IN HIS OFFICIAL CAPACITY AS ACTING DIRECTOR, MINERALS MANAGEMENT SERVICE; AND MINERALS MANAGEMENT SERVICE,** | * * * * | JUDGE FELDMAN<br><br>MAGISTRATE 2<br>MAGISTRATE WILKINSON |
| **Defendants** | | |

\* \* \* \* \* \* \* \*

**PLAINTIFFS' SUR-REPLY BRIEF IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Plaintiffs, Hornbeck Offshore Services, L.L.C., the Chouest Entities and the Bollinger Entities, submit this sur-reply brief to address certain inaccurate factual and legal arguments in Defendants' reply in support of their motion to dismiss.

**I.   Defendants' Effort to Shield Their Decision-Making Process from Inquiry Is Unavailing.**

In their reply brief, Defendants initially argue that the general rule that entitles an agency to engage in additional fact gathering and analysis in response to a legal challenge to the validity

of agency action insulates them from any inquiry into the regularity and probity of the process that led to their decision to reissue a mirror-image moratorium in reaction to this Court's preliminary injunction. Rec. Doc. 144-2 at pp. 3-5. Defendants' reliance on this general rule fails because, instead of engaging in a "new decision-making process," Defendants pre-announced their "decision" – within hours of this Court's entry of the preliminary injunction[1] – and only thereafter engaged in an end-motivated "process" designed to justify it. Put differently, Defendants cannot use an agency's general entitlement to engage in additional fact gathering and analysis as a shield to avoid questions about the regularity of the process that led to their decision to reissue the moratorium because they made their decision to reimpose the moratorium **before** they engaged in the "process" of providing "a more robust explanation" for it. Rec. Doc. 144-2 at p. 5.

II.   **The Court Continues to Have Subject Matter Jurisdiction over This Action Because Defendants Have Already Repeated the Alleged Wrongful Conduct.**

Defendants' main contention in response to Plaintiffs' voluntary cessation doctrine argument is that there is no reasonable expectation that the challenged behavior will recur because the Secretary does not intend to seek to enforce the enjoined and rescinded May 28th moratorium. Rec. Doc. 144-2 at pp. 6-7. This argument simply ignores that Defendant Secretary Salazar's public announcement hours after entry of the preliminary injunction that he would enter "a new order in the coming days" to prohibit all deepwater drilling acted as a de facto continuation of the May 28th moratorium, which the Secretary then implemented de jure on July 12, 2010 through issuance of a carbon copy blanket ban on deepwater drilling. Therefore, there

---

[1] *See* Rec. Doc. 69-2 (Defendant Secretary Salazar publicly announcing, just hours after entry of the preliminary injunction, that "The decision to impose a moratorium on deepwater drilling was and is the right decision" and that "I will issue a new order in the coming days . . . ."); Rec. Doc. 134-1 at p. 9 (Defendant Secretary Salazar testifying before a Senate Subcommittee one day after entry of the preliminary injunction and responding: "The answer to that is yes, Senator Alexander," when asked by Senator Lamar Alexander whether he planned "to issue a new moratorium on all exploration of oil in the Gulf of Mexico at depths of more than 500 feet").

{N2186299.1}

is no question that the challenged behavior will recur because Defendants in fact repeated the alleged wrong within hours of the Court's preliminary injunction decision.[2]

Similarly, Defendants argue that Plaintiffs cannot establish that the capable of repetition yet evading review exception to the mootness doctrine applies because Plaintiffs improperly rely on only a "theoretical possibility" that "they will again be impacted by the May 28 Directive." Rec. Doc. 144-2 at p. 8. The flaw in Defendants' argument is that they ask the Court to look at the May 28th moratorium in isolation without consideration of Defendants' conduct and actions following the preliminary injunction order and thus to disregard the Secretary's immediate decision to reissue a deepwater drilling moratorium followed by his implementation of that decision through the July 12 Order, which is identical in scope to the May 28th moratorium. Simply put, there is nothing theoretical about whether Plaintiffs will be subjected to the same agency action because they already are. Likewise, there is nothing "speculative" about Defendants' effort to manipulate the "orderly operation of the federal judicial system," *U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 27 (1994), because Defendants conclusively demonstrated their intent to do so when they issued their putative "new"

---

[2] In connection with Plaintiffs' voluntary cessation doctrine argument, Defendants also reiterate their assertion that their purported "new agency action" moots Plaintiffs' claims. Rec. Doc. 144-2 at pp. 5-6, citing *Princeton Univ. v. Schmid*, 455 U.S. 100, 103 (1982); *Rio Grande Silvery Minnow v. BLM*, 601 F.3d 1111-1112 (10th Cir. 2010); *Schering Corp. v. Shalala*, 995 F.2d 1103, 1105-06 (D.C. Cir. 1993). Defendants overlook, however, that, in contrast to the mirror-image blanket deepwater drilling ban imposed by the July 12th order, *Princeton*, *Rio Grande Silvery Minnow* and *Schering*, all concerned situations in which the second agency order created a new regulatory regime that was **different** from the regime that had been challenged successfully in court. *See Princeton*, 455 U.S. at 103 ("while the case was pending on appeal, the University substantially amended its regulations governing solicitation, distribution of literature, and similar activities on University property by those not affiliated with the University."); *Rio Grande Silvery Minnow*, 601 F.3d at 1111 (concluding that plaintiffs' challenge to 2001 and 2002 biological opinions issued by the Fish and Wildlife Service was moot under circumstances in which the 2003 biological opinion "established a new regulatory framework" and plaintiffs did not argue "that the 2003 B.O. is a mirror of the two other biological opinions that it supplanted" nor that the changes in the new opinion were only superficial); *Schering*, 995 F.2d at 1104-05 (finding that a challenge to FDA action was moot under circumstances in which the FDA issued new regulations that differed from the challenged action by providing "the FDA's definition of bioequivalence," which had been absent from the prior FDA action) (emphasis added). Defendants' authorities, accordingly, support a finding of mootness only when the agency's second bite at the apple results in a new and different regulatory regime.


moratorium on July 12th while simultaneously arguing that they had thereby successfully defeated this Court's subject matter jurisdiction.

Plaintiffs respectfully ask this Court to deny Defendants' motion to dismiss.

Respectfully submitted,

*s/ Carl D. Rosenblum*
CARL D. ROSENBLUM, T.A. (2083)
GRADY S. HURLEY (13913)
ALIDA C. HAINKEL (24114)
MARJORIE A. MCKEITHEN (21767)
JONES, WALKER, WAECHTER, POITEVENT,
  CARRÈRE & DENÈGRE
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana  70170
Telephone: (504) 582-8000
Fax:  (504) 589-8170
crosenblum@joneswalker.com

And

JOHN F. COONEY
(admitted Pro Hac Vice)
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
Telephone:  (202) 344-4812

**Attorneys for Plaintiffs,**
**Hornbeck Offshore Services, L.L.C.,**
**The Chouest Entities and The Bollinger Entities**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been served upon all parties by email or by using the CM/ECF system which will send a Notice of Electronic filing to all counsel of record, this _____ day of August, 2010.

*s/ Carl D. Rosenblum*