## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HORNBECK OFFSHORE SERVICES, L.L.C., | * | CIVIL ACTION |
| | | NO.  10-1663(F)(2) |
| Plaintiff | * | |
| VERSUS | * | SECTION F |
| | * | |
| KENNETH LEE "KEN" SALAZAR, IN HIS OFFICIAL CAPACITY AS SECRETARY, UNITED STATES DEPARTMENT OF INTERIOR; UNITED STATES DEPARTMENT OF INTERIOR; ROBERT "BOB" ABBEY, IN HIS OFFICIAL CAPACITY AS ACTING DIRECTOR, MINERALS MANAGEMENT SERVICE; AND MINERALS MANAGEMENT SERVICE, | * * * * * | JUDGE FELDMAN  MAGISTRATE 2 MAGISTRATE WILKINSON |
| Defendants | * | |

\* \* \* \* \* \* \*

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' RENEWED MOTION TO ENFORCE PRELIMINARY INJUNCTION ORDER

NOW INTO COURT, through undersigned counsel, come Plaintiffs Hornbeck Offshore Services, L.L.C., the Chouest Entities and the Bollinger Entities (collectively, "Plaintiffs"), which respectfully submit this memorandum of law in support of their renewed motion to enforce this Court's June 22, 2010 Order, which this Court previously denied as premature.  In the fullness of time, we now have seen that through the Secretary's statements and actions,

drilling has been halted despite this Court's June 22nd Order that "immediately prohibited" Defendants from enforcing a moratorium "applied to all drilling on the OCS in water at depths greater than 500 feet." Rec. Doc. 68.  A watchful and cautious industry rightly took seriously the Secretary's repeated pre-announcements of a second moratorium.  The Secretary made good on those statements by issuing his July 12th Directive.  Through his conduct, the Secretary, in effect, enforced the original moratorium decision, which he was enjoined from doing.  A motion to enforce is now fully ripe for consideration and should be granted for the reasons that follow.

## Background and Procedural History

On June 22, 2010, this Court granted Plaintiffs' Motion for Preliminary Injunction, issuing an Order that "immediately prohibited" Defendants from enforcing their blanket deepwater drilling moratorium "as applied to all drilling on the OCS in water at depths greater than 500 feet." Rec. Doc. 68.

Within hours of the entry of the preliminary injunction, Secretary Salazar issued a "Statement Regarding the Moratorium on Deepwater Drilling." Rec. Doc. 69-2.  In it, Secretary Salazar expressed his disagreement with this Court's decision:  "The decision to impose a moratorium on deepwater drilling was and is the right decision" and "I will issue a new order in the coming days that eliminates any doubt that a moratorium is needed, appropriate, and within our authorities."  On the day following entry of the preliminary injunction, June 23, 2010, Secretary Salazar, during several hours of testimony before a Senate Subcommittee, reiterated that he planned to issue an identical "moratorium on all exploration of oil in the Gulf of Mexico at depths of more than 500 feet" and further refused to concede the preliminary injunction's effect by repeatedly stating that the moratorium remained "in place." Rec. Doc. 134-1.

Plaintiffs immediately filed a Motion to Enforce Preliminary Injunction Order, asserting that the Secretary's announcements were a de facto continuance of the moratorium in direct defiance of the Court's preliminary injunction order.  Red. Doc. 69-1.  The statements, made by the Secretary of the Interior himself, were intended to, and did in fact, chill the prospect of drilling, in contravention of this Court's order.  On June 24, 2010, this Court denied Plaintiffs' Motion to Enforce "as premature."  Rec. Doc. 82.  Based on the Defendants' subsequent conduct and actions, including the issuance of the promised second moratorium, and this Court's opportunity to examine and analyze the filings and submissions of the parties in connection with Defendants' Motion to Dismiss, it is no longer premature.

Following the Secretary's public announcements concerning the moratorium, Defendants filed a Notice of Appeal and a Motion to Stay, which this Court denied.  Defendants then filed a Motion to Stay Pending Appeal with the Fifth Circuit.  The Fifth Circuit ordered expedited consideration and held oral argument on July 8, 2010.  Within hours of the hearing, the Court denied the motion by a vote of 2 to 1.  The preliminary injunction, therefore, remained in full force and effect.

Four days after the Fifth Circuit's denial of the motion to stay, on July 12, 2010, the Secretary reissued a blanket deepwater drilling moratorium and declared that his May 28th moratorium was rescinded and superseded.  As this Court has now concluded, the July 12th moratorium:  "covers precisely the same rigs and precisely the same deepwater drilling in the Gulf of Mexico as did the first moratorium."  September 1, 2010 Order and Reasons at 2 (Rec. Doc. 165).  The Secretary, therefore, again imposed a moratorium that applies "to all drilling on the OCS in water at depths greater than 500 feet."

Simultaneously with the imposition of the July 12th moratorium, Defendants filed a Motion to Dismiss this case on the basis of mootness, which the Court denied on September 1, 2010. The preliminary injunction, therefore, remains in full force and effect.

### Law and Argument

As the court "who issued and must enforce" the preliminary injunction order, this Court is accorded "[g]reat deference" in the interpretation it places on its terms. *Alabama Nursing Home Ass'n v. Harris*, 617 F.2d 385, 388 (5th Cir. 1980). Indeed, in its recent Order and Reasons denying Defendants' Motion to Dismiss, this Court properly recognized that enforcement of the preliminary injunction is a matter resting within its authority. Rec. Doc. 165 at 20, n. 10 (observing that "whether a subsequent agency action violates a court order seems to be a fact based inquiry" and citing *International Ladies Garment Workers' Union v. Donovan*, 733 F.2d 920, 923 (D.C. Cir. 1984) with respect to that appellate court's decision to remand "a motion to enforce for the district court to determine whether an emergency agency rule that temporarily reinstated an agency decision that had been ruled arbitrary and capricious violated the terms of the court of appeals mandate that the decision be reconsidered.") Consequently, the obligation to enforce the preliminary injunction and the authority to determine whether Defendants violated its terms through their issuance of the July 12th moratorium rests soundly with this Court.

The Court's preliminary injunction orders that Defendants "are hereby immediately <u>prohibited from enforcing the Moratorium</u>, entitled 'Suspension of Outer Continental Shelf (OCS) Drilling of New Deepwater Wells,' dated May 28, 2010, and NTL 2010-N04 seeking implementation of the Moratorium, <u>as applied to all drilling on the OCS in water at depths greater than 500 feet</u>." Rec. Doc. 68 (emphasis added). The order preliminarily enjoined enforcement of "the Secretary's decision to issue a six-month blanket moratorium against all

companies involved with deepwater drilling in the Gulf of Mexico." Rec. Doc. 165 at 2. And, as this Court has now concluded, the July 12th moratorium is the "functional equivalent" of the first one in that it "covers precisely the same rigs and precisely the same deepwater drilling in the Gulf of Mexico." Rec. 165 at 2, 5. The July 12th moratorium is simply a continuation, in a different guise, of the May 28th order, maintaining unabated its prohibition as to "<u>all drilling on the OCS in water at depths greater than 500 feet</u>." The process undertaken by the Secretary following this Court's injunction has amounted to "litigation posturing" as part of a failed attempt to deprive Plaintiffs of the judicial relief they properly obtained. Every step taken by Defendants since June 21st has been part of calculated plan to defend this case by mooting it through their misconduct.

Further, by immediately announcing the continuation of the May 28th moratorium and then issuing a "mirror image" moratorium four days after the Fifth Circuit's denial of Defendants' motion for a stay, the Secretary "in effect, implemented the stay on his own," despite this Court's and the Fifth Circuit's denial of such a stay. *International Ladies Garment Workers' Union*, 733 F.2d at 923. And, when the Secretary of an agency reinstates "precisely the same rule" that a court has enjoined as arbitrary and capricious in "an attempt to circumvent" the "lawful order" of the court, he "does not satisfy the requirement of reasoned decisionmaking imposed on" him. *Id.*

Indeed, as this Court recognized with respect to Defendants' "decision-making" process, their record submissions to support the July 12th moratorium "continue to be specific only to the Deepwater Horizon tragedy, and remain strategically silent and unspecific, and elusive, to any other deepwater drilling operator in the Gulf." Rec. Doc. 165 at 17, n. 8. Like the May 28th moratorium that it continues, the July 12th moratorium has "no rational nexus . . . between the

fact of the tragic Deepwater Horizon blowout and placing an attainder of universal culpability on every other deepwater rig operator in the Gulf of Mexico." *Id.* at 19. Because the July 12th moratorium maintains the same "blanket moratorium against all companies involved in deepwater drilling the Gulf of Mexico," it continues to be "invalid in law" and is therefore equally subject to the preliminary injunction order. *Id*. at 2, 19.

To address the Secretary's violation of the preliminary injunction order, this Court has the authority to "act forthwith to enforce" its order "and require the Secretary to comply with its terms." *International Ladies Garment Workers' Union*, 733 F.2d at 923; *see Habitat Educ. Ctr., Inc. v. Kimbell*, 250 F.R.D. 397, 401 n. 8 (E.D. Wis. 2008) (concluding that plaintiffs could challenge a "second" agency action that was "no more than the latest iteration of an earlier action that is the subject of the pending suit" and that the court had "continuing jurisdiction" to enforce and determine defendants' compliance with its previously issued injunctions). Simply put, the remedy available to Defendants to test this Court's preliminary injunction order was through orderly judicial review, not disobedience. *See Walker v. Birmingham*, 388 U.S. 307, 320-321 (1967) (holding that litigants subject to an injunction cannot "by-pass orderly judicial review of the injunction before disobeying it"); *Norman Bridge Drug Co. v. Banner*, 529 F.2d 822, 829 (5th Cir. 1976) (concluding that appellants, Drug Enforcement Agency agents, "should not have chosen disobedience as the method of testing" the district court's temporary restraining order and observing that the agents' defiance "lacks precedential support for the simple reason that the great weight of authority holds it to be inappropriate.")

Rather than waiting to find out the outcome of their appeal of the preliminary injunction order, which the Fifth Circuit *sua sponte* expedited, Defendants instead chose disobedience as their method to test it and then, after the Fifth Circuit denied a stay, sought to make the whole

case go away by arguing that their pre-announced and preordained defiant act had mooted it. As this Court has found, it did not. In fact, to the contrary, Defendants' defiant act contravened the express terms of the Court's preliminary injunction order. Plaintiffs therefore respectfully request that the Court enter an Order that: (a) orders that Defendants' July 12th moratorium violates this Court's June 22, 2010 Order by continuing to enforce the same moratorium "applied to all drilling on the OCS in water at depths greater than 500 feet;" (b) orders that Defendants comply with the terms of the June 22, 2010 Order; and (c) orders that Defendants are accordingly immediately prohibited from enforcement of the July 12th moratorium. A proposed order is attached hereto.

## Conclusion

For all the reasons set forth above, Plaintiffs ask this Court to grant their renewed motion to enforce preliminary injunction order.

                                          Respectfully submitted,

                                          *s/ Carl D. Rosenblum*
CARL D. ROSENBLUM, T.A. (2083)
GRADY S. HURLEY (13913)
ALIDA C. HAINKEL (24114)
MARJORIE A. MCKEITHEN (21767)
JONES, WALKER, WAECHTER, POITEVENT,
    CARRÈRE & DENÈGRE
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-8000
Fax: (504) 589-8170
crosenblum@joneswalker.com

And

JOHN F. COONEY
(admitted Pro Hac Vice)
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
Telephone: (202)344-4812

*Attorneys for Plaintiffs,*
*Hornbeck Offshore Services, L.L.C.,*
*The Chouest Entities, and*
*The Bollinger Entities.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all parties by email or by using the CM/ECF system which will send a Notice of Electronic filing to all counsel of record, this 7th day of September, 2010.

*s/ Carl D. Rosenblum*