IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HORNBECK OFFSHORE SERVICES, LLC, et al.** <br> Plaintiffs, <br><br> v. <br><br> **KENNETH LEE "KEN" SALAZAR, et al,** <br> Defendants. | CIVIL ACTION No. 10-1663(F)(2) <br><br> SECTION F <br><br> JUDGE FELDMAN <br><br> MAGISTRATE 2 <br> MAGISTRATE WILKINSON |

### FEDERAL DEFENDANTS' OPPOSITION TO MOTION TO INTERVENE

This Court should reject Orly Taitz's motion to intervene in the present lawsuit, which presents a challenge to the now-expired Department of Interior six-month suspension of certain deep water drilling operations in the Gulf of Mexico.[1] Ms. Taitz expressly does not seek intervention as of right but rather requests permissive intervention under Federal Rule of Civil Procedure 24(b). Ms. Taitz cannot meet her burden that she is entitled to intervene in this action permissively and her motion to intervene should be denied.

Rule 24(b) articulates very clear minimal requirements that a movant must establish before a court can allow permissive intervention. "[C]ourt[s] may permit anyone to intervene" who (A) is given a conditional right to intervene by a federal statute or (B) "has a *claim or defense* that shares *with the main action* a common question of law or fact." Rule 24(b)(1) (emphases added). *See New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.,* 732 F.2d 452,

---

[1] Ms. Taitz violated Local Rule 7-6, which required Ms. Taitz to meet and confer with the United States before filing her motion to intervene. Ms. Taitz's violation is apparent on the face of her Notice of Motion and Motion to Intervene, which contains no certification of compliance with Local Rule 7-6.

471 (5th Cir. 1984); *Aransas Project v. Shaw*, 404 Fed.Appx. 937, 941-942 (5th Cir. 2010). Rule 24(c) requires movants to file a "pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c).

Ms. Taitz failed to satisfy and cannot satisfy the minimal requirements of Rule 24. As an initial matter, Ms. Taitz wholly failed to identify a claim or a defense for which this Court can grant her motion for permissive intervention. *Keith v. Daley*, 764 F.2d 1265, 1272 (7th Cir. 1985) (upholding a district court's denial of permissive intervention "because [intervenor-movant] had no direct claim or right in the case before the court.") (quotations omitted)). Second, Ms. Taitz does not contend that she was "given a conditional right to intervene by a federal statute." Fed. R. Civ. P. 24(b)(1)(A). Finally, the main action in this case does not have a "question of law or fact" in common with Ms. Taitz's putative challenge to the country of birth of the President. The allegations, statutory bases, factual evidence, and expert witnesses in the two matters would be completely different. In fact, Ms. Taitz's challenge has nothing to do at all with the now-expired moratorium on deepwater drilling in the Gulf of Mexico. On this ground alone, Ms. Taitz's motion to intervene should be denied.[2]

---

[2] Even assuming that Ms. Taitz had alleged a valid claim or defense with common questions of law and fact to the present action, which she has not, she must establish that this Court has jurisdiction. *See Int'l Paper Co. v. Jay*, 887 F.2d 338, 346 (1st Cir. 1989) ("permissive intervention ordinarily must be supported by independent jurisdictional grounds." (quotations omitted)); *Warren G. Kleban Eng'g Corp. v. Caldwell*, 490 F.2d 800, 802-03 (5th Cir. 1974) (holding that ancillary jurisdiction operates only when there is a tight nexus between the ancillary claim and a subject matter properly in federal court and cannot support the presence of permissive intervenors). Ms. Taitz stated no credible claim or defense that could plausibly support jurisdiction. On this ground as well, Ms. Taitz's motion should be denied. *Sec. Ins. Co. v. Schipporeit, Inc.*, 69 F.3d 1377, 1381 (7th Cir. 1995) ("Two requirements must be met before a court may exercise its discretionary power to grant intervention under 24(b)(2) [now 24(b)(1)(B)]. The proposed intervenor must demonstrate that there is (1) a common question of law or fact, and (2) independent jurisdiction.").

Ms. Taitz has not identified any claim or defense with facts in common to the main action. Ms. Taitz has thus failed to satisfy the minimal requirements of Rule 24. As such, her motion to intervene permissively should be denied.

Respectfully submitted this 3rd day of May, 2011.

                              IGNACIA S. MORENO
                              Assistant Attorney General
                              U.S. Dept. of Justice
                              Environment and Natural Resources Division

                              /s/
                              GUILLERMO A. MONTERO (T.A.)
                              BRIAN COLLINS
                              KRISTOFOR SWANSON
                              MARISSA PIROPATO
                              Natural Resources Section
                              PO Box 663
                              Washington, DC 20016
                              Tel: (202)305-0470

                              PETER MANSFIELD
                              Assistant United States Attorney
                              Eastern District of Louisiana
                              Hale Boggs Federal Building
                              500 Poydras Street, Suite B-210
                              New Orleans, Louisiana 70130
                              Tel: (504)680-3000

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2011, I caused a copy of the foregoing to be served through the Court's CM/ECF System to all parties.

/s/Marissa A. Piropato
Marissa A. Piropato