MINUTE ENTRY
WILKINSON, M. J.
MAY 11, 2011

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HORNBECK OFFSHORE SERVICES, L.L.C.				CIVIL ACTION

VERSUS								NO. 10-1663

KENNETH LEE SALAZAR ET AL.					SECTION "F" (2)

HEARING AND ORDER ON MOTION

APPEARANCES:	Dr. Orly Taitz, movant; Assistant United States Attorney Peter Mansfield, representing defendants; Carl Rosenblum, representing plaintiffs

MOTION:	Motion for Leave of Court to Intervene as an Additional Plaintiff, Record Doc. No. 252

O R D E R E D:

XXX : DENIED. Local Rules 7.2 and 78.1 provide that motions will be decided solely on briefs, without oral argument, unless a party requests oral argument no later than "three days after receipt of opposition memorandum to a motion," and the court permits it. No request for oral argument as required by the local rules was made in this case. Nevertheless, the proposed intervenor, Dr. Orly Taitz, proceeding pro se and having traveled to the court from California under the mistaken impression that a live hearing would be conducted, was permitted to be heard orally. Opposing counsel were notified, appeared and presented argument. Having considered the oral argument, together with the written submissions in connection with the motion, including the government's

MJSTAR   0 : 17

opposition, the record as a whole and the applicable law, **IT IS ORDERED** that the motion is DENIED for the following reasons.

Movant concedes that she does not seek intervention of right, but only permissive intervention under Fed. R. Civ. P. 24(b). Record Doc. No. 252-2 at p. 7, ¶ 25. As to permissive intervention, Rule 24(b) provides: "(1) On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact. . . . (3) In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(1), (3) (emphasis added).

Intervention may be permitted only "on timely application," Fed. R. Civ. P. 24(b)(1) (emphasis added). When determining whether a motion to intervene is timely, a court must consider: (1) how long the potential intervenor knew or reasonably should have known of her stake in the case into which she seeks to intervene; (2) the prejudice, if any, the existing parties may suffer because the potential intervenor failed to intervene when she knew or reasonably should have known of her stake in that case; (3) the prejudice, if any, the potential intervenor may suffer if the court does not let her intervene; and (4) any unusual circumstances that weigh in favor of or against a finding of timeliness. In re Lease Oil Antitrust Litig., 570 F.3d 244, 247-48 (5th Cir. 2009) (citing Stallworth v. Monsanto Co., 558 F.2d 257, 263-66 (5th Cir. 1977)); Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc., 346 F.3d 552, 560-61 (5th Cir. 2003). ).

In addition, "[i]f there is no right to intervene under Rule 24(a), it is wholly discretionary with the court whether to allow intervention under Rule 24(b), and even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention. . . . If the would-be intervenor already is a party to other litigation in which the intervenor's rights can be fully determined, . . . this may persuade the court to deny leave to intervene." 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1913 at 476 and n.5 (citing Kneeland v. National Collegiate Athletic Ass'n, 806 F.2d 1285, 1289 (5th Cir. 1987)) and 487-89 (3d ed. 2007) (emphasis added).

Considering the foregoing factors in this instance, this court must exercise its considerable discretion to deny intervention. I cannot conclude that the proposed intervention shares any common issue of law or fact with the main case. While the intervenor – like the original plaintiffs – asserts the invalidity of the moratorium action taken by defendants, the legal and factual basis of intervenor's claim – i.e., the President's place of birth or citizenship – is entirely different from the legal and factual assertions of the original claimants. Evaluating the timeliness factors also weighs heavily against permitting this intervention. The intervenor's actual stake in the original litigation is negligible when compared to the stake of the original plaintiffs. The prejudice to the

existing parties in permitting the intervention would be extreme, given the wholly extraneous nature of the proposed intervenor's legal and factual assertions to the claims and defenses raised by the original parties. It appears from the proposed intervenor's submissions that her claims have already been the subject of similar efforts by her in a "pending civil suit in the United States District Court for the Central District of California. Record Doc. No. 252-3 at p. 36, ¶'s 17 and 18, which she advised at oral argument is now pending in the United States Court of Appeals for the Ninth Circuit, where she recently made an appearance before that court. This is a strong indicator that any prejudice to intervenor in denying the motion to intervene in this case would be slight, since her claims have already been asserted in another lawsuit in her home venue and any decision by that court may well have res judicata or collateral estoppel effect in this court. Finally, the "unusual circumstances" of the timing of the assertion of intervenor's claims and the President's recent public postings contesting those claims, which the proposed intervenor and her experts assert in the reply papers are forgeries, weigh against any exercise of this court's discretion to permit this intervention in a different existing case.

    For all of the foregoing reasons, the motion is DENIED. This intervention should not be permitted.

    JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE