UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HORNBECK OFFSHORE SERVICES, L.L.C. ET AL. | CIVIL ACTION |
| VERSUS | NO. 10-1663 |
| KENNETH LEE SALAZAR ET AL. | SECTION "F" (2) |

### **O R D E R**

The Court, having considered the complaint, the record, the applicable law, the Findings and Recommendation of the United States Magistrate Judge, plaintiffs' objections to the Magistrate Judge's Findings and Recommendations, Record Doc. No. 270, and defendants' combined objections to the Magistrate Judge's Findings and Recommendations and opposition to plaintiffs' objections, Record Doc. No. 273, hereby approves the Findings and Recommendations of the United States Magistrate Judge in substantial part, but also revises them in part, and adopts the revised Findings and Recommendations, as its opinion in this matter.

Plaintiffs' motion for attorney's fees was referred to the magistrate judge for findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). Record Doc. No. 227. "Notwithstanding any provision of law to the contrary– . . . (C) the magistrate judge shall file his proposed findings and recommendations under

subparagraph (B) with the court and a copy shall forthwith be mailed to all parties." 28 U.S.C. § 636(b)(1)(C); accord Fed. R. Civ. P. 72(b)(1).

The Magistrate Judge's Findings and Recommendations were entered and mailed to all parties electronically on June 1, 2011. Record Doc. No. 265. "Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1); accord Fed. R. Civ. P. 72(b)(2).

Plaintiffs filed their objections to the Magistrate Judge's Findings and Recommendations on June 7, 2011, within the 14-day time limit for objecting, and their objections were served electronically on all parties on the same day. Defendants had the same 14-day deadline and timely filed their own objections to the Magistrate Judge's Findings and Recommendations, as well as their opposition to plaintiffs' objections, on June 15, 2011.

Following the filing of objections by any party, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636(b)(1).

Plaintiffs make two objections to the Magistrate Judge's Findings and Recommendations. Plaintiffs argue first that, although the Magistrate Judge found that the hours their attorneys expended in preparing their motion for attorney's fees were compensable, the Magistrate Judge deducted all of those hours when he deducted all hours expended after September 29, 2010. Plaintiffs argue that the deducted hours spent on their attorney's fees motion were not "recaptured" in the final calculation of reasonable hours and that they are entitled to an increase in the award to reflect <u>all</u> of the hours they expended on their motion for attorney's fees. Defendants respond that the Magistrate Judge correctly found that plaintiffs were not entitled to <u>all</u> the attorney's fees they requested for preparing their motion for attorney's fees, but were only entitled to those hours reasonably expended. Defendants agree with plaintiffs that the Magistrate Judge did not award any fees for preparing the attorney's fees motion. However, they contend that the Magistrate Judge properly found that no such fees were awardable because the requested fees were not reasonable.

Plaintiffs' first objection is overruled. Because the Magistrate Judge found that the hours that plaintiffs' attorneys spent preparing their motion for attorney's fees were compensable, he did <u>not</u> deduct those hours, even though they were expended after September 29, 2010. <u>See</u> Findings and Recommendation, Record Doc. No. 265, at p. 27 ("plaintiffs cannot recover for any attorney's fees incurred <u>after</u> that date (**except** those

reasonable fees incurred in connection with their motion for attorney's fees"))
(underlined emphasis in original; bold emphasis added); id. at pp. 31-32 ("Having
deducted the time incurred by plaintiffs' attorneys that could not have been related to
defendants' contempt of the preliminary injunction because it was outside the life span
of the preliminary injunction (i.e., work that was performed before June 22 and after
September 29, 2010, **except** for the compensable work on plaintiffs' attorney's fees
motion after that date) . . . .") (emphasis added); see also id. at pp. 54-55 ("all costs
incurred . . . after September 29, 2010, when the injunction was declared 'dead' (**except**
costs related solely to plaintiffs' motion for attorney's fees), must be deducted"). The
Magistrate Judge's fee calculations included the hours that plaintiffs' attorneys spent on
their attorney's fees motion, which he reduced to a reasonable amount by the factors
stated in the Findings and Recommendation. Thus, there are no lost hours to be
"recaptured."

On the other hand, plaintiffs' second objection appears to be correct. Plaintiffs
note that the Magistrate Judge's calculations erroneously started with a total of 161.9
hours worked by attorney John F. Cooney. However, Cooney actually worked that
amount in June 2010 alone. The Magistrate Judge apparently overlooked the hours that
Cooney worked from July through December 2010, which would bring Cooney's original

total to 410.4 hours worked. Defendants respond to this objection by arguing that the Magistrate Judge did not err, but actually intended to compensate plaintiffs only for the reasonable hours that Cooney worked in June 2010.

After reducing Cooney's corrected total hours by the deductions recommended by the Magistrate Judge and approved by me, I find that Cooney expended 226.61 reasonable hours. Multiplying those hours by Cooney's reasonable rate of $450 per hour yields $101,974.50, which is $88,204.50 more than the Magistrate Judge calculated for Cooney's work.

Defendants object that the Magistrate Judge made a different mathematical error and that the recommended fee award should be reduced because of this error. Defendants argue that plaintiffs' attorneys Alida Hainkel and Carl Rosenblum billed only 393.9 hours and 248.8 hours, respectively, "during the relevant time period," Defendants' Objections, Record Doc. No. 273, at p. 5; Defendants' Exhs. A and B, Record Doc. No. 272 (attached to their Consent Motion to File Exhibits Under Seal), rather than 501.33 and 262.99 hours, respectively, as calculated by the Magistrate Judge. Record Doc. No. 265, at pp. 49-50. Defendants' Exhibits A and B confirm that they consider the only relevant time period for any attorney's fees award to be between June 22 and September 29, 2010.

This objection is overruled. Defendants assume, incorrectly, that the Magistrate Judge did not intend to award fees for the time that plaintiffs' attorneys spent on their

attorney's fees motion after September 29, 2010. The Magistrate Judge's calculations of Hainkel's and Rosenblum's hours included the time they spent on plaintiffs' attorney's fees motion, as he intended, and were not in error in this respect.

Accordingly, the attorney's fees recommended by the Magistrate Judge are increased by $88,204.50, for a subtotal of $136,702.10 for the work of Venable, L.L.P. and a grand total of $528,801.18 in reasonable attorney's fees to be awarded to plaintiffs. **IT IS ORDERED** that plaintiffs' Motion to Set Amount of Attorney's Fees and Costs, Record Doc. No. 233, is GRANTED IN PART AND DENIED IN PART and that plaintiffs are awarded $528,801.18 in reasonable attorney's fees and $444.33 for costs.

New Orleans, Louisiana, this __23rd__ day of June, 2011.

_____
MARTIN L.C. FELDMAN
UNITED STATES DISTRICT JUDGE