UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

HORNBECK OFFSHORE SERVICES, LLC,                CIVIL ACTION
ET AL

VERSUS                                          NO. 10-1663

KENNETH LEE SALAZAR, ET AL                      SECTION "F"

ORDER & REASONS

The plaintiffs move for entry of final judgment in this case. The government contests a single word in their proposed judgment. Their dispute presents a question of tense.

The plaintiffs propose the following language:

> IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that Defendants, Kenneth Lee "Ken" Salazar, in his official capacity as Secretary, United States Department of Interior, United States Department of Interior, Michael Bromwich, in his official capacity as Director, Mineral Management Services (now known as the Bureau of Ocean Energy Management Regulation and Enforcement ("BOEMRE"), and Mineral Management Services (now known as BOEMRE) **are** in civil contempt of this Court's Order of Preliminary Injunction (Rec. Doc. 68)[.]

(Emphasis added.)

The government suggests this alternative:

> IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that Defendants, Kenneth Lee "Ken" Salazar, in his official capacity as Secretary, United States Department of Interior, United States Department of Interior, Michael Bromwich, in his official capacity as Director, Mineral Management Services (now known as the Bureau of Ocean Energy Management Regulation and Enforcement ("BOEMRE"), and Mineral Management Services (now known as BOEMRE) **were** in civil

1

>     contempt of this Court's Order of Preliminary
>     Injunction (Rec. Doc. 68)[.]

(Emphasis added.)  Resolution of this temporal dispute rests on the terms of this Court's past orders.

On February 2, 2011, the Court held the government in civil contempt of its June 22, 2010 Order of preliminary injunction.  In partly adopting the Magistrate's Findings and Recommendation on the issue of quantum on June 23, 2011, the Court agreed with the Magistrate that the period of the government's contempt ran from June 22, 2010 until September 29, 2010.  No later orders of this Court addressed the question of contempt.  Thus, a proper reading of this Court's February 2, 2011 and June 23, 2011 Orders leads to the conclusion that, as of September 30, 2010, the government <u>was</u> (not <u>is</u>) in contempt of this Court's preliminary injunction.

Because the government's proposes language that more precisely reflects the terms of the Order, the Court DENIES the plaintiffs' motion in part.[1]  A judgment reflecting the terms of this Order will be entered.

>     New Orleans, Louisiana, August 3, 2011.

>     _____
>     MARTIN L. C. FELDMAN
>     UNITED STATES DISTRICT JUDGE

---

[1] The plaintiffs and government agree to the terms of the plaintiffs' proposed judgment to the extent it summarizes all other aspects of their dispute.  The Court GRANTS the plaintiffs' motion to the extent it addresses these issues.